IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EBENCONCEPTS COMPNAY,** § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:21-CV-00285-M |
| § | |
| **DAVID CRUMPLER and DENISE** § **DELMAR a/k/a DENISE WILLIAMS** § **a/k/a DENISE CARGILE,** § § | |
| Defendants. § | |

### DEFENDANT DENISE DELEMAR'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Denise Delemar ("Delemar") files this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), and states:

**I.     Lack of Subject-Matter Jurisdiction**

1.     Plaintiff's Complaint [Dkt. 8] alleges, "The amount in controversy exceeds $75,000, exclusive of interest and cost."[1]  Elsewhere, Plaintiff alleges, "These breaches proximately caused injury to Eben, resulting in actual damages of at least $1,000,000 plus pre- and post-judgment interest, costs, and fees."[2]

2.     Plaintiff does not allege that Delemar *herself* has caused Plaintiff in excess of $75,000 worth of harm.  Rather, Plaintiff lumps together the harm allegedly caused by David Crumpler ("Crumpler") and Delemar (with Delemar an obvious afterthought, given that 90%+ of the factual allegations are lodged against Crumpler—who has settled with Eben).  Plaintiff must allege that Delemar herself has caused over $75,000 in harm; otherwise, diversity jurisdiction over

---

[1]   Complaint at p. 4.
[2]   *Id.* at p. 13.

Delemar is lacking. *Roberts v. SCM Prop. Co., LLC*, No. 3:08-cv-1804-N, 2009 WL 10704561, at *2 (N.D. Tex. Jun. 24, 2009). Because Plaintiff has not done so, Plaintiff's claims against Delemar should be dismissed.

**II.    Lack of Personal Jurisdiction**

3.    Delemar has never lived in Texas, never owned any property located in Texas, never voted in Texas, and has never had a bank account in Texas.[3]

4.    Delemar resides in North Carolina.[4]

5.    During her employment with Plaintiff, Delemar lived and worked in North Carolina.[5] Delemar was an account manager and administrative assistant.[6] Delemar worked with clients and agents located in North Carolina and South Carolina; she did not work with clients or agents located in Texas.[7]

6.    During her 14 years of employment with Plaintiff, Delemar traveled to Texas on approximately two occasions, to attend mandatory administrative meetings.[8] Delemar was required to attend the meetings.[9] The last mandatory meeting Delemar attended in Texas occurred around September 2014.[10] Each meeting involved Delemar spending about two days in Texas.[11]

7.    During her 14 years of employment with Plaintiff, Delemar rarely, if ever, sent emails to or telephoned Plaintiff's office in Texas.[12] Plaintiff's president worked in Delemar's

---

[3]  Declaration of Denise Delemar, attached as Exhibit "A" and incorporated by reference as if fully set forth herein.
[4]  *Id.*
[5]  *Id.*
[6]  *Id.*
[7]  *Id.*
[8]  *Id.*
[9]  *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* Delemar dealt with a third-party vendor located in Texas, but a small percentage of her weekly communications were to Texas. *Id.*

office, in Fayetteville, North Carolina.[13]   Plaintiff's supervisor was Kelly Sherrill, located in Fayetteville, North Carolina.[14]

8.   Delemar was hired by Plaintiff from a temporary staffing agency.[15]  The agency sent Delemar to meet with Chris Harrison, Plaintiff's former president.[16]  Delemar did not previously know that Eben was a Texas company.[17]

9.   Orchestrate HR (orchestratehr.com) was referred to within Eben as its "home office" (even though it is, Delemar believes, a separate company).  Orchestrate HR handled Plaintiff's payroll, benefits, etc.  As part of Delemar's job duties, Delemar had to communicate with Orchestrate HR, located in Texas.  Delemar estimates that approximately 2% of her weekly communications were with Orchestrate HR.

10.   Delemar's payments came from Vologic Inc. (vologic.com).  Delemar believes that Vologic Inc. is a separate company from Eben.  Attached as Exhibit "1" is a true and correct copy of Delemar's 2020 IRS Form W-2, from Vologic Inc., in payment for the work she did for Eben.  The form identifies Delemar's North Carolina address.

11.   Delemar was hired by Plaintiff and, while she was in North Carolina, was presented with the Agency Employment Agreement attached as Exhibit "C" to Eben's Complaint. Delemar signed the Agreement in North Carolina.[18]

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*

12. Delemar's required travel to Texas for trial and other case-related events would be costly and inconvenient for her. Delemar would have to purchase a round-trip airline ticket and pay for ground transportation, lodging and food.[19]

13. Rule 12(b)(2) requires dismissal if the court does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). If a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

14. When considering the motion to dismiss, the allegations contained in the complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *International Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003).

15. When a defendant challenges personal jurisdiction, the court conducts a two-step inquiry. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, unless there is a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* Second, the court must determine whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

16. The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts

---

[19] *Id.*

with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

17. General jurisdiction exists only when the defendant's contacts with the forum state are so continuous and systematic that the forum state is essentially the defendant's home state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Establishing general jurisdiction with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

18. Specific jurisdiction is proper when the plaintiff alleges and proves that a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984). In determining whether to exercise specific jurisdiction, the court must determine the following: (1) whether the defendant has purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities in the forum state; (2) whether the cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

19. If the first two prongs of the specific jurisdiction test are satisfied by the plaintiff, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477.

20. Delemar lacks sufficient minimum contacts for general jurisdiction. She has never lived in Texas, owned property in Texas, etc.

21. Regarding specific jurisdiction, Plaintiff asserts a breach of contract claim against Delemar, but it does not contend that Delemar committed the breach in Texas. The Fifth Circuit has "consistently held that `merely contracting with a resident of [a] forum state' does not create minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant." *E. Drake v. Murphy, Austin, Adams, Schoenfeld*, 740 Fed.Appx. 91, 92-93 (5th Cir. 2018) (citation omitted).

22. Delemar's job duties with Plaintiff were performed in the Carolinas, not in Texas. Delemar came to Texas a couple of times for mandatory meetings. Delemar has not purposefully availed herself of the privileges of conducting activities in Texas. The fact that Plaintiff's corporate office is in Texas does not mean that all of its employees have consented to being sued here. Also, it would be unduly burdensome to require Delemar to come from North Carolina to Texas. Plaintiff's claim against Delemar should be dismissed for lack of personal jurisdiction.

### III. Failure to State a Claim

Plaintiff alleges that its contract with Delemar contains this provision:

> Agency clients remain a part of the agency's book of business following the agent's voluntary or involuntary termination of employment with the agency and shall not be considered as a potential prospect or pursued as a client, directly or indirectly, by the agent or the agent's future employers for a period of three (3) years following the agent's termination of-employment with the agency. Specifically prohibited is a direct or indirect attempt to change the agent of record agreement between the client, agency and any insurer by the agent.[20]

23. This provision obviously was not lifted from O'Connor's form book. The best reading of it, from Plaintiff's perspective, is that Delemar cannot "change the agent of record" with

---

[20] Complaint at p. 3.

respect to one of Plaintiff's clients for three years. Plaintiff does not contend that Delemar has done so.

24. Plaintiff's Complaint contains six pages of facts, but the assertions against Delemar are paltry:

> In the discovery produced [by Crumpler], there are text messages between Crumpler and Denise confirming Denise's involvement in Crumpler's efforts to take his business. . . . Eben believes that Crumpler and Denise have violated the restrictive covenants and agreements listed above.

25. "Involvement in Crumpler's efforts to take business" and "Eben believes . . . Denise [has] violated the restrictive covenants and agreements . . . ." These are conclusory allegations. The Complaint contains no fact-specific allegations supporting the breach of contract claim asserted against Delemar.

## CONCLUSION

David Crumpler is out of the case. Plaintiff has not contended that Delemar has caused it in excess of $75,000 of harm. Unless and until Plaintiff signs and files a pleading in which it contends that Delemar has, by her actions, caused it over $75,000 in harm, the Court lacks subject-matter jurisdiction.

Delemar lacks sufficient minimum contacts with Texas to be sued here. She does not live here. Her work on Plaintiff's behalf was performed in the Carolinas. Plaintiff does not contend that Delemar breached the contract in Texas.

Plaintiff fails to state a claim against Delemar.

WHEREFORE, Defendant Denise Delemar prays that Plaintiff's claims against her be dismissed, and for all further relief to which she may be entitled.

Respectfully submitted,

**WOOD EDWARDS LLP**

*/s/Robert J. Wood, Jr.*
Robert J. Wood, Jr.
State Bar No. 00788712
robert@mylawteam.com
T. Blake Edwards
State Bar No. 24050553
blake@mylawteam.com
1700 Pacific Avenue, Suite 2280
Dallas, Texas 75201
(214) 382-9789 – phone
(214) 953-0410 – fax

**ATTORNEYS FOR DEFENDANT DENISE DELEMAR**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, a true and correct copy of the foregoing document was served on all counsel of record via ECF.

*/s/Robert J. Wood, Jr.*
Robert J. Wood, Jr.