IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EBENCONCEPTS COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00285-M |
| | § | |
| DAVID CRUMPLER and DENISE DELEMAR a/k/a DENISE WILLIAMS a/k/a DENISE CARGILE, | § § § | |
| | § | |
| Defendants. | § | |

### AGREED FINAL JUDGMENT AS TO DAVID CRUMPLER

**ON THIS DATE** Plaintiff Ebenconcepts Company ("Eben") and Defendant David Crumpler ("Crumpler") (Eben and Crumpler collectively referred to as the "Parties") advised the Court they had reached an Agreement regarding the claims made, and which could have been made, in this case.

The Parties, by the signature of their respective attorneys below, hereby agree and consent to the entry of this Agreed Final Judgment on the terms set forth herein.

Therefore, pursuant to the Parties' agreement,

**IT IS ORDERED, ADJUDGED AND DECREED** that a Permanent Injunction against David Crumpler is entered in this case, and

**IT IS FURTHER ORDERED** that Defendant Crumpler, together with his agents, servants, attorneys, representatives, and all persons or entities in active concert, participating with him or assisting him in any way, are permanently restrained and enjoined from the following activities:

Using, sharing, accessing or allowing access to, in any way, Plaintiff's confidential information.

The Parties agree that the following constitutes Plaintiff's confidential information and are subject to this order:

Plaintiff's technical information, know-how, trade secrets, financial data, marketing and sales plans, customer and healthcare provider lists, and other commercial information relating to Plaintiff's business and information that Plaintiff has received from third parties, including but not limited to its customers, vendors, and insurance companies except for those listed in Exhibit "A" attached hereto.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff is required to enforce this Permanent Injunction, Plaintiff shall be entitled to its costs and reasonable attorneys' fees associated with said enforcement and that immediate and irreparable harm for which there is no adequate remedy at law is to be presumed from any violation of this Agreed Final Judgment. This presumption may be rebutted by competent evidence.

The Parties have stipulated that there is good cause for the issuance of this Permanent Injunction and have agreed to waive any defects which may exist regarding this Court's entering this Permanent Injunction including any argument that it does not comply with Fed. R. Civ. P. 65. The Parties have stipulated that the entry of this Final Agreed Judgment is not appealable and have waived all rights to claim that the Final Agreed Judgment is deficient or defective in any way.

The Parties have agreed that no bond shall be necessary to issue this Agreed Final Judgment and it shall be effective immediately.

The Parties have agreed that this Agreed Final Judgment is binding, enforceable, and not appealable and that is **SO ORDERED.**

**SO ORDERED** this the 20th day of April, 2021.

_____
JUDGE PRESIDING

**AUTHORIZED AND AGREED :**

| | |
|---|---|
| /s/ Jose M. Portela ___ | /s Jens Sandberg with permission |
| Jose M. Portela | Jens K. Sandberg |
| State Bar No. 90001241 | State Bar No. 24105252 |
| jose@stantonllp.com | jsandberg@vethanlaw.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant David Crumpler* |